IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| JOHN ROBERT DEMOS, | Cause No. CV 12-00091-M-DLC-JCL |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| UNITED STATES, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff John R. Demos's prisoner application to proceed in forma pauperis. Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Demos, an inmate in the State of Washington, has a well-documented history of filing frivolous and vexatious lawsuits in the various federal district and circuit courts throughout the nation. Demos has filed at least three civil actions

1

which were dismissed as frivolous or for failure to state a claim. *See Demos v. Ryan*, Civ. No. 00-921 (AJL)(D.N.J.) (dismissed for failure to state a claim September 18, 2000); *Demos v. Heinz,* 2:94-cv-04037-JG (E.D.PN)(dismissed as frivolous on July 6, 1994); *Demos v. P.A. Ridder*, Civ. No. 00-747 (S.D. Fla.)(dismissed for failure to state a claim on March 24, 2000).

The Third Circuit Court of Appeals has designated Demos "a litigant with 'three strikes'." *Demos v. President of the United States*, 365 Fed.Appx. 341, 342 n. 1 (3rd Cir. 2010). A number of district courts have also dismissed Demos's cases on the basis of the three strikes rule. *See Demos v. United States*, No. 2:10-CV-285-DAK, 2010 U.S. Dist. LEXIS 34806 (D. Utah Apr. 7, 2010); *Demos v. United States of America*, No. 1:10-104-SJM-SPB (W.D. Penn. Nov. 2, 2010); and *Demos v. Kentucky Fried Chicken*, 3:11cv438-JGH (W.D.Ky Nov. 29, 2011).

The list goes on and on but clearly Demos has vastly exceeded the three "strikes" allowed by the PLRA to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). Even when construed liberally in Demos' favor, the allegations in his Complaint do not support a finding that he is in "imminent danger of serious physical injury."

While the Court ordinarily gives litigants a period of time to pay the full filing fee of $350.00, it will not do so in this case. Court records show that over the course of Demos's history of filing frivolous complaints he has been warned on numerous occasions that he cannot submit such filings without payment of the filing fee or demonstrating imminent danger of serious physical harm. Demos has a history of abusing the system and filing repetitive and frivolous lawsuits. Long before he filed this action, Demos knew, from his previous filings, that he probably would not be permitted to proceed in forma pauperis.

Demos is not entitled to a ten-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that the Motion to Proceed in Forma Pauperis (Dkt. 1) be denied pursuant to 28 U.S.C. § 1915(g). The Clerk of Court should be directed to terminate all pending motions, close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 6th day of June, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States District Judge